UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In Re: ) | Chapter 7 |
| ROBERT A. REPOSA, JR. ) | Case No. 09-13702-WCH |
|     Debtor ) |  |
| _____ ) |  |
| ) |  |
| COMMONWEALTH OF MASSACHUSETTS ) |  |
|     Plaintiff ) |  |
| ) | Adversary Proceeding |
| v. ) | No. 09-01392 |
| ) |  |
| ROBERT A. REPOSA, JR. ) |  |
|     Defendant ) |  |
| ) |  |

ANSWER OF DEFENDANT

To the Honorable William C. Hillman, Bankruptcy Judge:

    The above captioned Defendant, by and through his undersigned Counsel, submits the following Answer to the Complaint filed in this adversary proceeding.  Pursuant to a recent order of this Court, the Answer deadline has been extended up to and including February 8, 2010.

    1. The Defendant admits that the Commonwealth of Massachusetts has filed this Complaint but denies that the relief requested by the Commonwealth of Massachusetts should be granted.

JURISDICTION

    2. Admitted.

PARTIES

3. Admitted.

4. The First sentence of paragraph 4 is admitted. The second sentence is denied inasmuch as the Commonwealth is the representative of various alleged creditors of the Debtor and LSC Associates, LLC (hereinafter "LSC").

BACKGROUND

5. The Defendant denies that the cause of action articulated in paragraph 5 is a valid cause of action.

6. The Defendant denies that there was any targeting and deceiving of consumers as alleged in paragraph 6.

7. The Debtor denies that any funds paid by consumers for the Navigator (as that term is defined in the Complaint) were paid to or received by him individually. The Debtor also denies that the figure of $2.5 – $4.1 Million was collected for time share intervals but rather believes that the maximum amount that was collected was in the range of $2 Million Dollars.

8. The Debtor denies that he personally made the offer in the Navigator Beach Club Public Offering Statement but rather any such offer as made by LSC. Relative to the balance of the other allegations in paragraph 8, the

      Debtor states that these were the responsibility of his counsel and he had filed a professional liability claim against said Counsel prior to the filing of this case.[1]

9. The first sentence in paragraph 9 is denied. The Debtor states that the price for the time share intervals ranged from $4,000.00 – $5,000.00 (low) with an average sale of $11,000.00. The highest time share that the Debtor can recall which was sold by LSC was $40,999.00. The second sentence is denied. The Debtor states that he had been seeking financing and that a $10 Million Dollar line of credit had been expectedly withdrawn. The Debtor denies that he was trying to acquire as much cash as possible from consumers but does indicate that LSC suggested an early payment discount because at that time, the Debtor believed that the project would go forward. The Debtor has no knowledge of the last sentence of paragraph 9 relative to any reliance.

10. The first sentence of paragraph 10 is admitted. The second sentence of paragraph 10 is denied. In further response, the Defendant states that arrangements were made to satisfy consumers by, inter alia, taking weekly intervals from another project in an attempt to satisfy some consumers.

---

[1] This liability action is an asset of the estate which is being pursued by the Chapter 7 Trustee.

11. The Debtor denies that there are any substantial misrepresentations. At all times relevant and material hereto, the Debtor believed that the project would be completed by a prospective purchaser. Once he became aware that the financing package, upon which LSC was relying had been pulled, the collection of funds stopped.

12. The Debtor admits that the Navigator was never completed but indicates that the Community Bank foreclosed on the property in April of 2008 but the closing thereon by the successful purchaser did not occur until October 2008. In further response, the Debtor states that LSC stopped collecting funds as of April 2008 and his collecting agent, Monterey Capital, was told to return funds to the clients who had forwarded funds. In further response, the Debtor states that he did not receive any of the funds from consumers. Said funds were all paid to LSC for operating expenses of LSC.

13. The Debtor admits that on April 15, 2009, the Plaintiff filed litigation but denies that litigation has merit.

14. The Defendant denies that he is liable for restitution as alleged by the Plaintiff.

15. The Debtor admits that the Superior Court issued a restraining order. Because the Debtor was imminently

    ready to file Chapter 7 bankruptcy, no defense was filed to the request for the restraining order.

16. The Debtor admits the entry of the preliminary injunction but also indicates that because the Chapter 7 bankruptcy was imminent, he did not have the funds to defend the litigation.

17. Admitted.

18. The allegations in paragraph 18 are admitted.

19. The Debtor denies the allegation in paragraph 19. The Bank account in LSC was listed on Schedule B in LSC. Since the Debtor's name was not on the account nor did he own same, said account did not need to be listed on his personal Schedule B.

20. The statements in paragraph 20 of the Complaint regarding this LSC account is accurate, but the Debtor denies that said account needed to be listed on Schedule B in his personal case.

21. The allegations in paragraph 21 are denied since the account, which was in the name of LSC Associates, was listed in LSC. The Debtor denies that he needed to list this account on Schedule B in his personal case.

22. Admitted.

23. The allegations in paragraph 23 are admitted. In further response, the Debtor states that any funds from Monteray Financial Services were used for billings of LSC.

24. The allegations in paragraph 24 are denied since this was not his personal account as alleged by the Commonwealth.

25. The allegations in paragraph 25 are admitted but the Debtor denies that the Commonwealth is entitled to a proof of claim against the Debtor.

## COUNT I

26. The responses contained in paragraphs 1 through 25 above are incorporated by reference herein.

27. Denied.

28. Denied.

## COUNT II

29. The Defendant repeats the responses contained in paragraph 1-28 above and specifically incorporates same by reference herein.

30. Denied.

31. Denied.

32. Denied.

## COUNT III

33. The Defendant repeats the responses contained in paragraphs 1 through 32 above and specifically incorporates same by reference herein.

34. The allegations in paragraphs 34 of the Complaint are admitted.

35. The allegations in paragraph 35 are denied since the Debtor believes that the sale was in April 2007 and the value was $5,000.00.

36. The Defendant admits that these transfers were inadvertently omitted from his original schedules and statement of financial affairs but subject to a subsequent amendment shortly after the second 11 U.S.C. 341 meeting.

37. Denied.

38. Denied.

## COUNT IV

39. The Defendant repeats the responses contained in paragraphs 1 through 38 above and incorporates same by reference herein.

40. Admitted.

41. Said transfer was not in the original Statement of Financial Affairs but was addressed by the Debtor at

    the second Section 341 meeting and subject to an immediate amendment to schedules.

42. Denied.

43. Denied.

## COUNT V

44. The Defendant repeats the responses contained in paragraph 1 through 43 above and specifically incorporates same by reference herein.

45. Denied. In further response, the Defendant states that he delivered to the Plaintiff in response to the Request for Production of Documents, 23 boxes of books and records for both he and LSC.

46. Denied.

47. Denied.

## COUNT VI

48. The Defendant incorporates by reference herein the responses contained in paragraph 1 through 47 above.

49. Since Schedule A is a schedule of real property, the Debtor denies that any bank accounts would need to be noted in Schedule A. In addition, the Debtor denies that the BOA account (as that term is defined in the

8

Complaint) was his personal asset which needed to be listed in his personal schedules.

50. The allegations in paragraph 50 are denied since the Debtor states that any items in Exhibit C page 33-35 were not income.

51. Denied.

## COUNT VII

52. The Defendant incorporates by reference herein the responses contained in paragraphs 1 through 51 above.

53. Paragraph 53 of the Complaint states the basis upon which the Commonwealth is seeking judgment but the Debtor denies that the Commonwealth is entitled to such judgment.

54. Denied.

55. Denied.

56. Denied. The Debtor states that any funds received from consumers were used for business purposes of LSC.

57. Denied.

58. Denied.

59. Denied.

9

## COUNT VIII

60. The Debtor denies the allegations in paragraph 60 of the Complaint.

61. The Debtor denies the allegations in paragraph 61 of the Complaint.

WHEREFORE, the Debtor requests that this Court deny the relief requested in the Complaint and that the Debtor be granted such other and further relief as is just.

```
                              Respectfully submitted,
                              Robert A. Reposa Jr.
                              By his Counsel,


Dated: February 8 2010        s/Gary W. Cruickshank, Esq.
                              21 Custom House Street
                              Suite 920
                              Boston MA 02110
                              (617) 330-1960
                              (BBO107600)
                              gwc@cruickshank-law.com
```

## CERTIFICATE OF SERVICE

I, Gary W. Cruickshank, hereby certify that a copy of the foregoing Motion has been served, electronically upon Shannon Choy-Seymour, Esq., Assistant Attorney General, Consumer Protection Division, One Ashburton Place, Boston, Massachusetts 02109.

Dated: February 8 2010      s/Gary W. Cruickshank, Esq.

10